UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Meza and Steve Meza,<br><br>                              Plaintiffs,<br><br>v.<br><br>Sirius XM Radio, Inc.,<br><br>                              Defendant. | Case No.: 17cv2252-AJB-JMA<br><br>**ORDER:**<br>**GRANTING REQUEST FOR CONSTITUTIONAL CHALLENGE CERTIFICATION (Doc. No. 17),**<br><br>**GRANTING EXTENSION OF TIME TO INTERVENE, (Doc. No. 24), and**<br><br>**RESETTING DISMISSAL MOTION HEARING DATE.** |

      Defendant filed a certification request of its constitutional challenge to the United States Attorney General. (Doc. No. 17.) Under 28 U.S.C. § 2403, the Court must certify to the Attorney General that there is a constitutional challenge to a federal statute. This request is **GRANTED**. The Court hereby certifies to the United States Attorney General that defendant has raised a constitutional challenge to the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b). The challenge issued is as following: "Whether the restrictions on use of automated telephone dialing systems contained in 47 U.S.C. § 227(b) violate the First Amendment and the equal-protection component of the Due Process Cause of the Fifth Amendment." (Doc. No. 17 at 2.)

The Court also **GRANTS** the United States' motion for an extension of time to intervene. (Doc. No. 24.) The United States may intervene in any action in which the constitutionality of a Congressional Act is questioned. 28 U.S.C. § 2403(a). The United States argues it will take weeks to secure the Solicitor General's approval, and the current date to intervene expires March 13, 2018. The government's extension request is approved and the deadline to intervene is now **April 27, 2018**.

Lastly, the government requests the Court vacate the current hearing date on defendant's motion to dismiss so the government can participate in that hearing should it decide to intervene. (Doc. No. 24 at 5.) Because the constitutionality of the statute is an issue in that motion, the Court agrees with the government that—should it decide to intervene—it should be afforded a voice at the hearing and in an opposition brief. The government's motion also notes that the parties consent to the extension. (*Id.*)

Thus, the April 12, 2018 hearing is vacated and reset for **June 28, 2018**. Should the government intervene, their brief responsive to defendant's dismissal motion is due by **May 28, 2018**. All other parties may submit any reply to the government's brief by **June 4, 2018**. If the government decides not to intervene, the hearing will still be held on June 28, and no other filings will be entertained.

**IT IS SO ORDERED.**

Dated: March 6, 2018

Hon. Anthony J. Battaglia
United States District Judge