UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Meza and Steve Meza,<br><br>                               Plaintiffs,<br><br>v.<br><br>Sirius XM Radio, Inc.,<br><br>                               Defendant,<br><br>United States of America,<br><br>                               Intervenor. | Case No.: 17-cv-2252-AJB-JMA<br><br>**ORDER:**<br>**(1) DENYING DEFENDANT'S MOTION TO DISMISS, (Doc. No. 16); AND**<br>**(2) STAYING THE CASE** |

Defendant Sirius XM Radio, Inc's motion to dismiss raises constitutional issues currently pending before the Ninth Circuit. Sirius argues that a provision of the Telephone Consumer Protection Act violates the First Amendment because it is a content-based restriction on speech which is not narrowly tailored under a strict scrutiny analysis. Recently, a number of defendants have appealed district court orders on identical grounds, asserting that a government-debt exemption written into a provision of the statute turns a content-neutral provision into a content-based one. Because the Ninth Circuit has granted briefing concerning the same constitutional issues Sirius raises, the Court chooses to **STAY** this case pending the Ninth Circuit's decision regarding the constitutionality of 47 U.S.C. § 227(b)(1)(A)(iii). Thus, the Court **DENIES** Sirius' motion to dismiss on First

Amendment grounds as premature, given that the issue is before the Ninth Circuit. (Doc. No. 16.) The Court also **DENIES** Sirius' argument that the complaint should be dismissed for failure to allege a key element under the TCPA, finding the complaint adequately pleads Sirius used an ATDS.

## I. BACKGROUND

Plaintiffs allege Sirius contacted their cellular phones for illegal marketing purposes, violating the TCPA. (Doc. No. 1 ¶ 1.) Under the Telephone Consumer Protection Act, ("TCPA"), businesses are prevented from calling a cell phone using an "automatic telephone dialing system, ("ATDS"). 47 U.S.C. § 227 (b)(1)(a). The Act, however, allows the use of an ATDS if the caller has been given "the prior express consent of the called party," or if the call is made "solely to collect a debt owed to or guaranteed by the United States." (Doc. No. 16-1 at 7.)

## II. REQUEST FOR JUDICIAL NOTICE

Sirius requests the Court take judicial notice of a settlement agreement and a fee memorandum in *Hooker v. Sirius XM Radio Inc.*, No. 13-cv-3 (E.D. Va. 2013). (Doc. No. 16-2.) In that case, Sirius was the defendant and the Meza's current attorneys were also plaintiff's attorneys-of-record.

Pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." However, "[a]s a general rule, [the court] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). The Court may "take judicial notice of 'matters of public record,' but not of facts that may be 'subject to reasonable dispute.'" *Corinthian Colleges*, 655 F.3d at 999.

Here, the Court takes judicial notice of both the settlement agreement and the fee memorandum as the former is not subject to dispute and the latter is a matter of public

record. (Doc. No. 16-2.)

### III. MOTION TO DISMISS

Sirius gives two reasons why the complaint should be dismissed: (1) the Meza's fail to plead Sirius used an ATDS; and (2) the TCPA violates both the First Amendment and the Equal Protection Clause. Sirius also requests the class allegations should be stricken, arguing plaintiffs are inadequate class representatives.[1]

#### A. Legal Standard

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiffs must also plead, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory

---

[1] In the interest of judicial efficiency, the Court declines to rule on Sirius' request to strike the class allegations. (Doc. No. 16-1 at 16–19.) Sirius can renew this request when the case's stay is lifted, should they wish to do so.

1 allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. The ATDS Element is Adequately Pled

Sirius argues the Meza's failed to plead an essential element of the TCPA, namely, that Sirius used an ATDS. (Doc. No. 16-1 at 11.) To state a claim for a violation of the TCPA, a plaintiff must allege that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1). An ATDS is "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Complicating matters is a recent decision significantly narrowing what "capacity" means under the statute. *ACA International v. FCC*, 885 F.3d 687 (D.C. Cir. 2018). The FCC had previously determined that the "capacity" of calling equipment "includes its potential functionalities" or "future possibility," not just its "present ability." *Id.* at 695. However, *ACA International* held that "the FCC's interpretation of a device that has the 'capacity' to operate as an ATDS was impermissibly expansive." *Gonzalez v. Ocwen Loan Servicing, LLC*, No: 5:18-cv-340-Oc-30PRL, 2018 WL 4217065, at *3 (M.D. Fla. Sep. 5, 2018) (referencing *ACA International*, 885 F.3d at 695–99). This is because such an interpretation could encompass any cell phone that could download an application or extension with the capacity to store numbers dialed using a random generator and dial them—thus turning any cellular phone into an autodialer. *Id.* at 699–70.

Sirius asserts that the conclusory allegations the Meza's pled are insufficient to support a claim for relief. (Doc. No. 16-1 at 11.) The Meza's assert they have included "several factual allegations" which create "at a minimum a reasonable inference that [ ] Sirius used an ATDS here." (Doc. No. 19 at 14.) The complaint states "[u]pon information and belief, the calls were placed via an automatic telephone dialing system." (Doc. No. 1 ¶ 13 (internal quotations omitted).) The complaint also alleges that "[u]pon

information and belief, this telephone dialing equipment used by Sirius has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." (*Id.* ¶ 20.) Also, upon "information and belief," the Meza's allege that "this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention." (*Id.* ¶ 21.) Sirius cites several cases which held such conclusory allegations are insufficient to support a claim. (Doc. No. 16-1 at 11–12; *See Dugiud v. Facebook, Inc.*, No. 15-cv-00985-JST, 2016 WL 1169365, at *4 (N.D. Cal. Mar. 24, 2016 ("This conclusory allegation that Facebook used an ATDS is not, without more, sufficient to support a claim for relief under the TCPA.").)

However, the Meza's provided a few additional facts beyond these conclusory allegations. Supporting the claim Sirius used an ATDS, the Meza's also pled that "[a]t the beginning of some of the calls there was a long pause before a live agent of Sirius would come on the line." (*Id.* ¶ 19.) Mr. Meza also stated he heard a prerecorded voice and waited twenty minutes before connecting to a live person. (*Id.* ¶ 14.) While courts have held that isolated assertions based upon information and belief that defendant is using an ATDS need not be taken as true, here, the Meza's provided additional information inferring the use of an ATDS. *See Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015) (finding an allegation of a "telltale" pause after plaintiff picked up the telephone is sufficient at the pleadings stage to allege use of an ATDS); *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937 (C.D. Cal. 2015) (finding that plaintiffs' allegations that defendant used an ATDS and that he heard a "pause" after answering the telephone was sufficient at the pleading stage).

Thus, the Court finds the Meza's plausibly stated a claim that Sirius used an ATDS when contacting plaintiffs. The issues raised the parties' supplemental filings on what constitutes an ATDS post-*ACA International* is better suited for a summary judgment motion, as the Court is bound to accept well-pleaded allegations as true at this stage. (*See* Doc. No. 48.) As such, the Court declines to analyze the parties' arguments regarding the classification of Sirius' dialing equipment. As such the Defendant's 12(b)(6) motion is

**Denied**.

### C. Sirius' Constitutional Arguments Require a Stay

Sirius also challenges the constitutionality of the TCPA, arguing it violates the First Amendment and the Equal Protection Clause. (Doc. No. 16-1 at 13.) The United States intervened to oppose Sirius' assertions of unconstitutionality and filed a brief in support of the TCPA. (Doc. No. 36.) The Meza's assert these "unconstitutionality arguments have been rejected before." (Doc. No. 19 at 23.)

Sirius argues that 47 U.S.C. § 227(b)(1)(A)(iii) is unconstitutional because it is a content-based restriction on freedom of speech and is not narrowly tailored. (Doc. No. 16-1 at 13.) This section prohibits an unconsented call from an ATDS to a "cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii). The government-debt exception clause was added in November 2015. (Doc. No. 36 at 10.) Sirius asserts the law is "content-based" because it draws a distinction based on the message conveyed, namely, that "[a] caller may use an ATDS or prerecorded voice to collect a government debt, but not (for example) to urge church attendance, solicit a charitable contribution, or (as here) communicate with a customer." (*Id.* at 14.) Sirius states "this law singles out calls about government debts for special favor. The preferential treatment here amounts not just to content discrimination, but to outright viewpoint discrimination. . . ." (*Id.*) Because the Meza's allege their cellular phone was the called phone, which is prohibited only under § 227(b)(1)(A)(iii), Sirius argues the entire provision is unconstitutional and must be struck, leaving all ATDS-based allegations asserted by the Meza's unfounded.

In 2015, the Supreme Court held that a town ordinance prohibiting the display of outdoor signs without a permit, but which also exempted 23 categories of signs (including political and ideological signs), was a content-based restriction under the First Amendment. *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2226 (2015). The Court reasoned the ordinance was content-based because the restrictions "depend entirely on the communicative content

of the sign." *Id.* at 2228. The Court struck down the ordinance finding it did not pass strict scrutiny because it was not narrowly tailored and was "hopelessly underinclusive." *Id.* at 2231. Post-*Reed*, a number of defendants have asserted, as Sirius does, that the TCPA is similarly unconstitutional as a content-based restriction under the First Amendment. The United States acknowledged that at least "[s]ix courts have determined the TCPA is content based, after *Reed* and as amended in 2015. . . ." (Doc. No. 36 at 12 n.1.) However, each of those courts "upheld the statute under strict scrutiny." (*Id.*) Of those six cases, however, four have been appealed: three to the Ninth Circuit and one to the Fourth Circuit. (*Id.*)

In *Brickman v. Facebook, Inc.*, Facebook makes a nearly identical argument as Sirius, arguing that "the TCPA is content-based because it's riddled with exceptions that draw[ ] distinctions based on the message a speaker conveys." *Brickman v. Facebook, Inc.*, 230 F. Supp. 3d 1036, 1044 (N.D. Cal. 2017), *appeal filed*, No. 17-80080 (9th Cir. May 9, 2017) (internal quotations omitted). The district court, agreeing with Facebook, held that § 227(b)(1)(A)(iii) is "content-based and therefore subject to strict scrutiny." *Id.* The Court reasoned that the section is content-based because it "would require a court to examine the content of the message that is conveyed in order to determine if a violation of the TCPA has occurred." *Id.* The Court went on to find the TCPA withstood strict scrutiny and denied Facebook's dismissal motion. *Id.* at 1045–49.

Facebook requested permission to appeal to the Ninth Circuit, arguing the First Amendment question is one of great importance because "if this Court [the Ninth Circuit] were to agree with Facebook . . . there would be nothing left to do but dismiss this case entirely." (Petition for Permission to Appeal at 9, *Brickman*, No. 17-80080 (9th Cir. May 9, 2017).) The petition was stayed pending the outcome of *ACA International*. (Order at 2, *Brickman*, No. 17-80080, ECF No. 12.) Facebook renewed its request for permission to appeal post-*ACA International*, as that case did "not address the constitutionality of the TCPA's content-based speech exceptions." (Notification of Decision in *ACA International v. FCC* at 2, *Brickman*, No. 17-80080.)

Alternatively, Facebook requested another stay pending the outcome of a similar

7

case already on appeal: *Marks v. Crunch of San Diego*. (*Id.* at 3.) The Ninth Circuit opted to again stay the case—as well as another case Facebook requested permission to appeal, *Holt v. Facebook, Inc.*, 240 F. Supp. 3d 1021 (N.D. Cal. 2017), *appeal filed*, No. 17-80086 (9th Cir. May 12, 2017)—pending the outcome of *Marks v. Crunch of San Diego, LLC*. (Order at 2, *Brickman*, No. 17-80080, ECF No. 21.) The Ninth Circuit issued its opinion in *Marks* on September 20, 2018. *Marks*, No. 14-56834, 2018 WL 4495553 (9th Cir. 2018). The *Marks* opinion did not touch on the constitutionality issues raised by Sirius and Facebook. As the *Facebook* cases stand, counsel is required to notify the Circuit of the *Marks* decision—which it has yet to do—and it remains unclear whether the Ninth Circuit will grant Facebook's requests to appeal.

However, in yet another appeal debating the TCPA's constitutionality, the Circuit did grant permission to appeal. *Gallion v. Charter Commc'ns, Inc.*, 287 F. Supp. 3d 920 (C.D. Cal. 2018), *appeal docketed*, No. 18-80031, No. 18-55667 (9th Cir. Mar. 8, 2018). In its opening brief, appellant-Defendant Charter Communications made the same constitutional arguments as Facebook and Sirius: that § 227(b)(1)(A)(iii) is a content-based and speaker-based speech restriction which fails strict scrutiny. (Opening Brief at 14, *Gallion*, No. 18-55667.) Gallion's opening brief mentions three of Facebook's cases in a "statement of related cases," asserting "[t]hese three cases are 'related' to this matter because they 'raise the same or closely related issues.'" (*Id.* at 63 (citing Ninth Circuit Rule 28-2.6(c)).) On September 6, 2018, the Chamber of Commerce of the United States of America submitted an amicus brief supporting the TCPA's constitutionality. (Brief of Amicus Curiae Chamber of Commerce, *Gallion*, No. 18-55667 (Sep. 6, 2018).) Additionally, on September 7, 2018, the American Association of Political Consultants filed an amicus brief supporting Charter Communications, arguing § 227(b)(1)(A)(iii) is unconstitutional. (Brief of Amicus Curiae American Association of Political Consultants at 10, *Gallion*, No. 18-55667 (Sep. 7, 2018).)

Thus, in summarizing pending litigation before the Ninth Circuit, this Court finds the constitutional issues Sirius raises are substantively identical to those raised in both the

*Facebook* cases and *Gallion*. While Sirius moved for a stay pending *ACA International*, which is now moot, the Court finds a stay pending the outcome of *Gallion* or either *Facebook* case is appropriate at this time (although a resolution in *Gallion* is likely to occur first, as the case is further along). If the Ninth Circuit agrees with defendants that 47 U.S.C. § 227(b)(1)(A)(iii) is unconstitutional, then the Meza's ATDS allegations would have to be dismissed as they allege both of their cellular telephones were called in violation of this provision. (Doc. No. 1 ¶¶ 12, 13.) Based on the forgoing, Defendant's motion on constitutional grounds is Denied as premature.

## IV. CONCLUSION

Because the constitutionality of 47 U.S.C. § 227(b)(1)(A)(iii) is pending before the Ninth Circuit, the Court **DENIES** Sirius' motion to dismiss and **STAYS** the case pending a ruling in *Gallion v. Charter Commc'ns, Inc.*, No. 18-55667 (9th Cir. Mar. 8, 2018). Defendants are **ORDERED** to file a status report on that case's progress every **6 months** with this court and either party must notify this Court within **14 days** after a decision is ordered.

**IT IS SO ORDERED.**

Dated: September 25, 2018

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge